OPINION
On May 9, 1997, Robert Wilson died. On May 16, 1997, decedent's ex-wife, appellee, Susan Cain, was appointed administratrix of the estate. On June 16, 1997, decedent's brother, appellant, William Wilson, filed an application to probate a lost, spoliated or destroyed will executed by decedent on February 3, 1997. A hearing was held on September 22, 1997. By journal entry filed November 13, 1997, the trial court denied admission of decedent's will to probate.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED BY EXCLUDING TESTIMONY OFFERED BY THE PROPONENT OF ADMITTING A COPY OF THE TESTOR'S WILL TO PROBATE, WHERE THE PROCEEDING TO ADMIT A LOST, SPOLIATED OR DESTROYED WILL IS A SPECIAL STATUTORY PROCEEDING IN WHICH THE HEARSAY RULE IS INAPPLICABLE.
II
 THE TRIAL COURT ERRED BY REFUSING TO ADMIT THE DECEDENT'S WILL TO PROBATE.
 I
Appellant claims the trial court erred in excluding certain testimony. We disagree.
The admission or exclusion of evidence rests with the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217. We note hearsay testimony is not admissible however, in a proceeding to admit a lost, spoliated or destroyed will, the hearsay rule is inapplicable. See, In re Estate of Haynes (1986),25 Ohio St.3d 101.
Appellant argues the trial court erred on three rulings. The first ruling occurred during appellant's direct testimony:
 Q. During the term of his marriage, did he and his wife live in his house?
 A. Yes, at the time of his marriage, he did live in his house. He did — he did have a sickness, of course. And when he had this sickness, he did come over and come to me and (inaudible) that he wasn't feeling right or that, you know, that — you know, that people was out to get him, perhaps Sue was out to get him. But he was forced into, you know, adopted children, which he put (inaudible)
* * *
 Q. Now, Bill, when your brother and his wife had marital difficulties, did he move out of his house?
 A. No. He was there right to the last. Actually, he had no idea she was moving out. And he come to me and he said that she's gone; she took nearly everything.
T. at 5 and 6, respectively.
The trial court sustained objections to this testimony as being nonresponsive. T. at 6. We concur the testimony after "[y]es, at the time of his marriage, he did live in his house" and "[n]o. He was there right to the last" was nonresponsive.
The second ruling also occurred during appellant's direct testimony after appellant's counsel asked "[h]e didn't tell you that he was destroying the will? He didn't tell you that?" T. at 25. The trial court sustained an objection to this question as being leading in nature. Id. Although the trial court had permitted previous leading questions, we find the trial court did not err in sustaining the objection at this point.
The third ruling occurred during appellee's cross-examination after appellant's counsel asked "[m]a'am, is it true that during your marriage to Robert Wilson you had affairs, or liaisons, with other men?" T. at 86. The trial court sustained an objection to this question as being irrelevant. T. at 87. Relevant evidence is defined by Evid.R. 401 as evidence "having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." We concur the issue was irrelevant to the case sub judice.
Upon review, we find the trial court did not abuse its discretion in sustaining the objections.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in denying admission of decedent's will to probate. We disagree.
A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction Co.
(1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v. Garson (1993), 66 Ohio St.3d 610.
In order to have the will admitted, appellant was required to meet the following burden:
 1. The standard of proof necessary to admit a lost spoliated, or destroyed will to probate is clear and convincing evidence that the loss, spoliation, or destruction of the original will occurred subsequent to the death of the testator or before the death of the testator, but without his knowledge.
 Haynes at paragraph one of the syllabus.
R.C. 2107.26 governs lost, spoliated, or destroyed wills and states as follows:
 When an original will is lost, spoliated, or destroyed subsequent to the death of a testator, or before the death of such testator if the testator's lack of knowledge of such loss, spoliation, or destruction can be proved by clear and convincing testimony, or after he became incapable of making a will by reason of insanity, and such will cannot be produced in the probate court in as complete a manner as the originals of last wills and testaments which are actually produced therein for probate, the court may admit such lost, spoliated, or destroyed will to probate, if such court is satisfied the will was executed according to the law in force at the time of its execution and not revoked at the death of the testator.
Clear and convincing evidence is "the measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established." Haynes at 103.
By journal entry filed November 13, 1997 at Finding of Fact No. 6, the trial court found and concluded as follows:
 6. The record in this case suggests that Susan Wilson, who is the mother of the decedent's adopted daughters had both a motive and an opportunity to find and destroy the original of the will executed on February 3, 1997 but there is no evidence offered to support this theory.
After a review of the record, we concur with this conclusion. Both appellant and appellee searched decedent's home and did not find the will. T. at 10, 90. Appellant was the first one to search and although he admitted to looking through decedent's desk, garage and clothes, he argues his search was not thorough. The innuendo argued by appellant regarding appellee's motives to destroy the will is not sufficient to meet the clear and convincing evidence standard. As the Supreme Court of Ohio admonished appellate courts in Myers, we are not permitted to put our own spin or interpretation on the evidence.
We find sufficient credible evidence to support the trial court's decision.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Knox County, Ohio, Probate Division is hereby affirmed.
By Farmer, P.J., Gwin, J. and Wise, J. concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Knox County, Ohio, Probate Division is affirmed.